IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH CROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: _____ |
| | ) | |
| | ) | |
| THE KROGER COMPANY | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, **DEBORAH CROWE**, by and through her attorneys, alleges for her Complaint as follows:

**I. INTRODUCTION**

1.  Plaintiff brings this action against **THE KROGER COMPANY** for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

**II. THE PARTIES**

**A. THE PLAINTIFF**

2.  Plaintiff, Deborah Crowe, currently resides in Jackson, Tennessee and is a citizen of the United States.

**B. THE DEFENDANT**

3.  Defendant, THE KROGER COMPANY, is a foreign employer who, at times relevant hereto, employed Plaintiff in its Jackson, Tennessee location.

4.  The Defendant is bound by the law and regulations concerning the ADA.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Plaintiff, who suffers from a mental disability and is therefore subject to tolling and equitable tolling, did file a charge of discrimination with the EEOC; she received a Notice of Suit Rights dated January 27, 2012; and she commenced this action within 90 days of receiving that Notice. Accordingly, she has exhausted administrative prerequisites under ADA.

6. Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### IV. FACTS

7. Plaintiff is an individual with a "disability," as that term of art is defined by the ADA-AA. Specifically, Plaintiff suffers from certain mental impairments, including but not limited to depression. Due to these impairments, she is substantially limited in the major life activities of, *inter alia,* thinking, perceiving, concentrating, processing, and memory.

8. Plaintiff was a hard and valuable worker for Kroger. She worked 28 years for the company including in its bakery department. Most non-disabled members of society do not provide such stability and tenure to an employer.

9. Plaintiff's job at Kroger made her feel a valuable member of society, and she enjoyed assisting customer's and her fellow employees while helping Kroger meet its business demand.

10. In 2010, Plaintiff's disability worsened, requiring that she take a leave of absence from work in order to obtain medical treatment. She advised Kroger she was doing this, thereby taking a medical leave as a "reasonable accommodation."

11. When Plaintiff returned to work, still in 2010, she tried hard to continue in her same job but she had difficulty performing the essential functions due to her disability. For example, she would cook too many muffins, or put the incorrect date on a bakery package, or become confused about orders, things of that sort and others. Given her known limitations and the 28.5 year work history, and her recent medical leave, Defendant knew and understood that she was not purposefully doing these things, but that her special needs were getting in the way.

12. Under the circumstances of a very long term employee with a mental disability, who has just returned from a leave of absence for a mental disability, Plaintiff required a reasonable accommodation of job reassignment. Job reassignment is said to be an accommodation of last resort, when the employee cannot adequately perform the functions of his/her own job with accommodations. Under the circumstances that existed, Defendant should have considered "reassignment" of Plaintiff rather than terminating her employment altogether.

13. Reassignment was indeed possible and Plaintiff would have been willing to work a job of bagger or grocery cart collector, as these positions frequently open up, part time or full time. Indeed, Respondent routinely places individuals with special needs in such positions.

14. Unfortunately, Defendant did not reassign, and thereby reasonably accommodate, Plaintiff. Instead, on or about June 10, 2010, Defendant terminated Plaintiff's employment based upon performance errors which were a manifestation of her disability.

15. Given her age and disability, Plaintiff has not been able to obtain work.

16. Defendant's actions, above, have denied Plaintiff income (back pay and front pay), benefits, and have caused her humiliation, worry, anxiety, financial distress, and embarrassment. Accordingly, she seeks wage loss, benefits loss, reinstatement, compensatory damages, and attorneys fees and costs. Per the ADA-AA statute, she seeks punitive damages to deter such

future wrongdoing. She also seeks reinstatement to include reassignment to a position which she can perform.

## V. CAUSES OF ACTION UNDER THE ADA

17. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein. By its actions alleged herein, Defendant discriminated against Plaintiff in violation of the ADA due to her "disability" and by failing to reasonably accommodate her.

## VI. PRAYER FOR RELIEF

18. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff;

    D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment, along with punitive damages;

    E. Punitive Damages;

    F. Reasonable attorneys' fees;

    G. The costs and expenses of this action;

    H. Such other legal and equitable relief to which Plaintiff may be entitled; and

    I. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. (28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

**ATTORNEYS FOR PLAINTIFF**